IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 10-00384(01) LEK |
| Plaintiff, ) | |
| vs. ) | |
| ROGER CUSICK CHRISTIE (01), ) et al., ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF MAGISTRATE CHANG'S ORDER DENYING DEFENDANT CHRISTIE'S SECOND MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE ON BOND**

Before the Court is Defendant Roger Cusick Christie's ("Defendant") Motion for Revocation of Magistrate Chang's Order Denying Defendant Christie's Second Motion to Reopen Detention Hearing and for Release on Bond ("Motion"), filed on July 24, 2012. [Dkt. no. 409.] Plaintiff the United States of America ("the Government") filed its memorandum in opposition on August 2, 2012. [Dkt. no. 414.] This matter came on for hearing on August 7, 2012. Appearing on behalf of Defendant was Thomas Otake, Esq., and appearing on behalf of the Government was Assistant United States Attorney Michael Kawahara. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

On June 24, 2010, Defendant was one of fourteen defendants charged in a fifteen-count indictment. Defendant is charged with: Count 1 - conspiracy to manufacture, distribute, and process with intent to distribute, *inter alia*, one hundred or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1); Count 2 - manufacturing one hundred or more marijuana plants, in violation of § 841(a)(1) and (b)(1)(B); and Count 3 - possession with intent to distribute one hundred or more marijuana plants, in violation of § 841(a)(1) and (b)(1)(B). The charges arise primarily from the operation of the THC Ministry, which openly used and advocated for marijuana. Defendant was the founder and leader of the THC Ministry.

The Government filed a Motion to Detain Defendants Without Bail on July 9, 2010. [Dkt. no. 24.] The magistrate judge granted the motion as to Defendant at the July 13, 2010 hearing, and issued his written order on July 16, 2010. [Dkt. nos. 93, 113.] The magistrate judge found "by clear and convincing evidence that Christie is a danger to the community and that no condition or combination of conditions will assure the community's safety." [Order Detaining Def. Roger Cusick Christie Without Bail, filed 7/16/10 (dkt. no. 113), at 2.]

On July 14, 2010, Defendant filed a motion seeking revocation of the detention order pursuant to 18 U.S.C. § 3145(b)

and seeking release on bail.  [Dkt. no. 98.]  Senior United States District Judge Alan C. Kay orally denied the motion at a July 16, 2010 hearing, [dkt. no. 116,] and issued his written order on July 20, 2010 ("7/20/10 Order").[1]  Judge Kay ruled that "Defendant has failed to overcome the presumption that he is a danger to community [sic] because he has produced insufficient evidence to indicate that he will not continue to engage in drug trafficking if released on bail pending trial."  2010 WL 2900371, at *4.  Further, even if Defendant had rebutted the presumption, the Government presented clear and convincing evidence that Defendant posed a danger to the community, and the majority of the 18 U.S.C. § 3142(g) factors weighed strongly in favor of detention.  Id. at *4-7.  Thus, Judge Kay also concluded that "'no condition or combination of conditions will reasonably assure . . . the safety of . . . the community.'"  Id. at *7 (alterations in 7/20/10 Order) (quoting 18 U.S.C. § 3142(e)).

On July 20, 2010, Defendant filed an interlocutory appeal from Judge Kay's 7/20/10 Order, and the Ninth Circuit affirmed the order on August 5, 2010.  [Dkt. nos. 124 (notice of appeal), 138 (Ninth Circuit order).]

On October 18, 2010, Defendant filed a Motion to Reopen Detention Hearing and to Release Defendant on Bond ("10/18/10 Motion").  [Dkt. no. 181.]  United States District Judge David

---

[1] The 7/20/10 Order is available at 2010 WL 2900371.

Alan Ezra denied the 10/18/10 Motion at a hearing on October 22, 2010. [Dkt. no. 189 (minutes).] At the hearing on the 10/18/10 Motion, defense counsel emphasized: Defendant's integrity and ties to the community on the Island of Hawai`i; his lack of criminal convictions except for a 1993 diversion case; his well-known advocacy of the legalization of marijuana as a religious sacrament or for medical use; the fact that the THC Ministry had closed; and the fact that all thirteen of his co-defendants have been released. Defense counsel therefore argued that Defendant could be trusted to follow the terms of release. [10/22/10 Hrg. Trans., filed 11/2/10 (dkt. no. 198), at 3-5.] Defense counsel acknowledged that the Ninth Circuit considered many of Defendant's arguments in the appeal from Judge Kay's 7/20/10 Order. [Id. at 6.] Judge Ezra ultimately found that there had been no substantial change in Defendant's circumstances since the 7/20/10 Order. Judge Ezra noted that: Defendant restarted the THC Ministry even after federal agents executed a search warrant and seized marijuana and cash from the THC Ministry; and the Government had evidence that, during its operations, the THC Ministry saw seventy people a day primarily for distribution. Judge Ezra found that Defendant posed a danger to the community because the evidence indicated that he would return to his activities if given the opportunity. [Id. at 19-22.]

Defendant filed an interlocutory appeal from Judge Ezra's October 22, 2010 ruling, and the Ninth Circuit affirmed the decision on December 7, 2010. [Dkt. nos. 193 (notice of appeal), 209 (Ninth Circuit order).]

On May 24, 2012, Defendant filed his Second Motion to Reopen Detention Hearing and for Release on Bond ("5/24/12 Motion"). [Dkt. no. 389.] Defendant argues that the § 3142(g) factors weigh in favor of pretrial release subject to the appropriate conditions. In addition, Defendant argues that the following changes in his circumstances warrant reopening his detention hearing: the trial date in this case has been continued to January 23, 2013; the fact that Defendant has not used marijuana during his twenty-month incarceration will facilitate his ability to remain drug and alcohol free upon release; Defendant's elderly mother in Colorado is receiving hospice care; and Defendant recently married co-defendant Sherry-Anne St. Cyr, who Defendant states is doing well in her pretrial release.

The magistrate judge denied the 5/24/12 Motion at a hearing on June 5, 2012, and issued his written order on June 6, 2012 ("6/6/12 Order"). [Dkt. nos. 395, 396.] The magistrate judge acknowledged that there were new circumstances, but he found that they were not relevant to the issues whether appropriate conditions of release would assure Defendant's appearance and the safety of other persons and the community.

> Specifically, the Court considered the length and reasons for the trial continuance from February 28, 2012 to January 23, 2013, the circumstances surrounding the illness of the defendant's mother and the availability of an emergency furlough should it become necessary, and the defendant's marriage to his co-defendant, Sherry-Anne St. Cyr, and her conduct while on pretrial release. The Court finds that none of these circumstances, either individually or collectively, substantially affect the prior determination that there are no condition or combination of conditions which would reasonably assure the safety of the community. This prior determination was supported by clear and convincing evidence and was affirmed on appeal by the Ninth Circuit Court of Appeals. . . .

[6/6/12 Order at 2.]

The instant Motion followed.

## **STANDARD**

Defendant brings the instant Motion pursuant to 18 U.S.C. § 3145(b), which states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The procedures for review of the detention order under § 3145(b) are governed by Federal Rule of Appellate Procedure 9. United States v. Fernandez-Alfonso, 816 F.2d 477, 478 (9th Cir. 1987) (Brunetti, J., concurring). "Rule 9(a) requires that the district court 'state in writing the reasons for the action taken' when it enters an 'order refusing or imposing conditions

of release.'"  Id. (quoting Fed. R. App. P. 9).

The district judge reviews the magistrate judge's decision de novo, but the "court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990).  "The standard of review for pretrial detention orders is one of deference to the [magistrate judge's] factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985)).  The district judge must ultimately make its own de novo determination of the facts and of the propriety of detention.  Koenig, 912 F.2d at 1193.

## DISCUSSION

Pursuant to the Bail Reform Act of 1984, a court may detain a defendant if the government can establish that no release conditions "will reasonably assure the appearance of such person . . . and the safety of any other person and the community[.]"  18 U.S.C. § 3142(f); see also United States v. Salerno, 481 U.S. 739, 741 (1987); United States v. Walker, 808 F.2d 1309, 1310 (9th Cir. 1986).  In determining this, a district court will consider, *inter alia*: (1) the nature and the

7

seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character; (4) the defendant's physical and mental conditions; (5) the defendant's family and community ties; (6) the defendant's past conduct; (7) the defendant's history relating to drug and alcohol abuse; (8) the defendant's criminal history; and (9) the nature and seriousness of the danger that defendant's release would pose to any person or community.  See Motamedi, 767 F.2d at 1407; 18 U.S.C. § 3142(g).

In this case, however, given the nature of the offense, there is a presumption that there is no condition or combination of conditions that will reasonably assure Defendant's appearance as required and the safety of the community.  See 18 U.S.C. § 3142(e)(3).  This presumption is subject to rebuttal by Defendant.  See id.

This Court has reviewed the memoranda and exhibits submitted by the parties, the argument at the hearing, and the record in this case, including the prior detention orders in the district court, and the Ninth Circuit's orders on appeal.  Either Judge Kay or Judge Ezra - and, as to many of these issues, both of them - has previously considered many of the factors that the parties raise in connection with the instant Motion: continued detention after continuance of the trial date; Defendant's reopening of the THC Ministry after federal officers searched the

8

premises and seized marijuana and cash; the closure of the THC Ministry; the Government's evidence of wiretapped conversations in which Defendant and various other co-defendants discussed using the THC Ministry to sell marijuana to "members" of the ministry in exchange for "donations;" Defendant's willingness to accept placement at Mahoney Hale;[2] Defendant's assurance that he now understands that the federal government prohibits the use and distribution of marijuana; and Defendant's argument that his detention is disproportionate to his charges in comparison to other cases involving drug charges where the defendant was allowed pretrial release.  After considering these factors, Judge Kay and Judge Ezra each found that there was clear and convincing evidence that no condition, or combination of conditions, would reasonably assure the safety of the community, and the Ninth Circuit affirmed both rulings.

     This Court, having conducted its own review of the parties' submissions and the record in this case, agrees with the magistrate judge that the following factors constitute new circumstances that did not exist when Judge Kay and Judge Ezra considered whether to grant Defendant pretrial release: the length and reasons for the further trial continuance; the illness of Defendant's mother; and Defendant's marriage to Ms. St. Cyr.

---

[2] Mahoney Hale is a half-way house, located on Oahu. 7/20/10 Order, 2010 WL 2900371, at *1 n.4.

First, Judge Ezra previously considered whether a lengthy trial continuance weighed in favor of pretrial release, but this Court recognizes that the continuance at issue in the instant Motion is distinct insofar as Defendant "has now been incarcerated pre-trial for over two years." [Mem. in Supp. of Motion at 4.] The Court, however, ultimately agrees with Judge Ezra that, where there is a danger that a defendant will resume his criminal activities during pretrial release, a lengthy trial continuance does not necessarily weigh in favor of pretrial release. As Judge Ezra noted, release during a lengthy continuance presents: more opportunities for Defendant to reestablish his marijuana distribution contacts; more opportunities to resume distributing marijuana; and the need for more financial resources, which Defendant's distribution activities apparently provided prior to his arrest. [10/22/10 Hrg. Trans. at 12-13.]

As to the deteriorating health of Defendant's mother in Colorado, the Court recognizes that the situation is unfortunate and the Court understands Defendant's desire to have as much contact with his mother as possible. Nothing regarding her health condition, however, provides reasonable assurance that Defendant will not resume his marijuana distribution activities. Finally, as to Defendant's recent marriage to Ms. St. Cyr, this Court disagrees with Defendant's position that their marriage will provide a stabilizing environment which would help Defendant

comply with the conditions of his pretrial release.  Judge Kay noted that "Defendant Cyr is Defendant Christie's girlfriend and business partner at the Ministry.  Both reside together at Defendant Christie's condominium apartment."  7/20/10 Order, 2010 WL 2900371, at *5 n.8 (citation omitted).  This Court agrees with the magistrate judge that "none of these circumstances, either individually or collectively, substantially affect the prior determination that there are no condition or combination of conditions which would reasonably assure the safety of the community."  [6/6/12 Order at 2.]

In summary, this Court agrees with and adopts Judge Kay's conclusion in the 7/20/10 Order:

> the Court finds that the Government has come forward with clear and convincing evidence that Defendant poses a danger to the community.  Having reached this conclusion, the Court must determine whether there is a "condition or combination of conditions [that] will reasonably assure . . . the safety of any other person and the community."  See 18 U.S.C. § 3142(e).
>
> Although the proposed conditions of release in the [Pretrial Services Report] are strict, they depend on Defendant's good faith compliance to be effective and therefore do not adequately assure the safety of the community in this instance.  See [United States v.] Hir, 517 F.3d [1081,] 1092 [(9th Cir. 2008]) (citing [United States v.] Tortora, 922 F.2d [880,] 886 [(1st Cir. 1990)]).
>
> Given the strength of the Government's evidence, coupled with the statutory presumption that no conditions of release will reasonably assure the safety of the community where a defendant is charged with trafficking drugs, the Court finds there is an unacceptably high risk

> that Defendant would not comply in good faith with the proposed conditions, or any other combination of release conditions, imposed upon him. This is especially true given that a previous search of the Ministry and Defendant's residence in March 2010 did not prevent Defendant from continuing his involvement in the THC Ministry. That is, Defendant has demonstrated by his prior conduct between March and July of 2010, that it is highly probable he will continue to commit the same marijuana trafficking crimes with which he is charged if he is released on bond. Thus, the conditions do not adequately protect against Defendant continuing to direct the alleged marijuana distribution operations of the THC Ministry.

7/20/10 Order, 2010 WL 2900371, at *7 (some alterations in original) (some citations omitted). This Court therefore CONCLUDES that there is no condition or combination of conditions that will reasonably assure the safety of the community if the Court granted Defendant pretrial release. See § 3142(e).

## **CONCLUSION**

On the basis of the foregoing, Defendant's Motion for Revocation of Magistrate Chang's Order Denying Defendant Christie's Second Motion to Reopen Detention Hearing and for Release on Bond, filed July 24, 2012, is HEREBY DENIED. The denial is WITHOUT PREJUDICE to the filing for a new motion to reopen detention hearing, if warranted under the circumstances.

In accordance with the magistrate judge's 6/6/12 Order, this Court ORDERS that Defendant be held without bond pending trial of this matter, as follows:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the greatest extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant is to be afforded reasonable opportunity for private consultation with his counsel;

(3) On further order of this Court or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined is to deliver him to a United States Marshal for the purpose of appearing in connection with any court proceeding.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 21, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge



**USA V. ROGER CUSICK CHRISTIE, ET AL; CR. NO. 10-00384(01) LEK; ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF MAGISTRATE CHANG'S ORDER DENYING DEFENDANT CHRISTIE'S SECOND MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE ON BOND**